# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:14-cv-133-FDW

| | |
|---|---|
| JOHN C. PHELPS, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| FRANK L. PERRY, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on consideration of Plaintiff's pro se complaint which was filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1). See 28 U.S.C. § 1915A(a).

## I.   BACKGROUND

Plaintiff is a prisoner of the State of North Carolina who is presently confined in the Mountain View Correctional Institution. In his complaint, Plaintiff alleges that he is diagnosed with Type II diabetes and other medical issues and that he is receiving an inadequate breakfast (lack of carbohydrates or sugar) which has impaired his ability to take insulin. Plaintiff attaches information to his complaint which tends to show that he placed a sick call to complain about the breakfasts and that he fully exhausted his administrative remedies prior to filing the present complaint regarding the diet.[1] Plaintiff also complains that he is not being provided with proper access to showers and that this

---

[1] See Philips v. Pitt Cnty. Memorial Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (providing that courts may consider documents attached to the complaint "so long as they are integral to the complaint and authentic.") (citing Fed. R. Civ P. 10(c) and Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)). The Court finds that the documents which Plaintiff attaches to his complaint are properly considered under this standard.

1

practice has violated his rights under the Americans with Disabilities Act.[2]

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir.

---

[2] In North Carolina, State prisoners must complete a three-step administrative remedy procedure (ARP) in order to exhaust their administrative remedies. See N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008).

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Corr. Health Servs., 407 F.3d 674 (4th Cir. 2005). Indeed, failure to exhaust administrative remedies is an affirmative defense, but the Court is not prohibited from sua sponte examining the issue of exhaustion in reviewing the complaint. As the Fourth Circuit observed:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

Anderson, 407 F.3d at 683. In the present case, it is clear that complaints about access to showers were not presented in the ARP and will therefore be dismissed without prejudice for failure to exhaust.

1990).

### III. DISCUSSION

In his § 1983 complaint, Plaintiff argues, among other claims, that one or more of the defendants are being deliberately indifferent to his serious medical needs by refusing to provide him with the breakfast diet of his choice.

Claims under 42 U.S.C. § 1983 based on an alleged lack of care or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, the plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mount Rainer, 238 F.3d 567, 575-76 (2001) (citing White ex rel. White v. Chambliss, 112 F.3d 731, 737 (4th Cir. 1997) ("A claim of deliberate indifference . . . implies at a minimum that defendants were plainly placed on notice of a danger and chose to ignore the danger notwithstanding the notice.").

Plaintiff sent a letter to the North Carolina Department of Public Safety (DPS) to complain about his diet. In a written response, a registered dietician, P. Carr, RD, LDN, explained as follows:

> We have received your correspondence of your dietary concerns in the Food & Nutrition Management Office. A nutrition assessment was completed by a registered dietitian and approved by the medical doctor on 1/14/11. On 4/20/11, you refused the therapeutic diet and since that time have been on a regular diet. The regular diet is intended for inmates with no chronic diseases. It is not carbohydrate consistent[1] not therapeutic, nor recommended for inmates with diabetes.

3

> A new assessment has been completed by a registered dietitian and approved by the medical doctor on 12/12/12 for a MNT 3 diet. This diet is carbohydrate consistent, low in fact and provides a bedtime snack that will help maintain blood sugars throughout the day and night for the inmates with diabetes.
>
> Attached is an education pamphlet to assist you on making healthier food choices and understanding diabetes. In the meantime, we encourage you to continue to cooperate with your food service professionals.

(1:14-cv-133, Doc. No. 1-6).

In a sick call request submitted on or about December 22, 2012, Plaintiff complains about the MNT-3 diet and asks to be placed on a regular diet because apparently on the first day he began the former diet, he became ill because he consumed eggs and grits. Plaintiff further contended that the "MNT-3 is not carbohydrate consistent as stated by the Nutritionist." (Id., Doc. No. 1-7).

In his Step-One grievance of the ARP, which was executed on or about January 31, 2013, Plaintiff renews his challenge to the MNT-3 diet contending that the "carbohydrate value of the breakfast is too low to take insulin shots." Plaintiff asks that the Raleigh DPS staff examine this diet and the practices of food staff. (Id., Doc. No. 1-9). In the Step-One response, the grievance examiner notes that Plaintiff's blood sugar levels have been normal observing that "[n]one of these results indicate hypoglycemia." The response also found that Plaintiff had not placed a sick call or declared emergencies regarding hypoglycemia. Plaintiff appealed this response. In the Step-Two response, the administrator notes that Plaintiff was placed on a special diet that was approved by a nutritionist but that Plaintiff had refused to follow the diet. The response also noted that Plaintiff's medical records did not indicate low blood sugar and that he had failed to

place a sick call regarding low blood sugar.[3] (Id., Doc. No. 1-9 at 4). Plaintiff's grievance was denied in the Step-Three response. (Id. at 5).

Plaintiff's complaint plainly expresses disagreement with the special diet that was recommended to address his diabetic condition; however, he notes but one allegedly adverse reaction to the recommended MNT-3 diet prior to filing his Step One grievance. In sum, Plaintiff notes that he was evaluated by a registered dietician and a special diet was recommended which he subsequently refused, and mere disagreement with the course of medical treatment will not support an Eighth Amendment claim for deliberate indifference to serious medical needs. Estelle, 429 U.S. at 97; Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1984). Plaintiff's contention that one or more of the defendants have been deliberately indifferent is simply not supported by the record. "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cri. 1990), overruled in part on other grounds by, Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

At best, Plaintiff's complaint could state a claim for negligence in choosing and recommending the diet; however, that is insufficient to support a finding of deliberate indifference in a § 1983 action. Moreover, it appears that Plaintiff gave this dietary recommendation one shot, and thereafter refused the diet after concluding that it was not sufficiently addressing his medical needs. See Young, supra ("Deliberate indifference is a

---

[3] As noted, it does appear that Plaintiff placed one sick call prior to filing his written ARP grievance to complain that he became ill after beginning the recommended diet, but the sick call form is notably blank when indicating whether Plaintiff was examined. In any event, Plaintiff does not appear to request treatment, rather he appears to simply be noting that he refuses to continue on the new diet.

very high standard—a showing of mere negligence will not meet it.") (quoting Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999)).

Based on the foregoing, the Court concludes that Plaintiff has failed to state a claim of deliberate indifference to serious medical needs under the Eighth Amendment and the complaint will be dismissed. Plaintiff's complaint regarding violations under the Americans with Disabilities Act will likewise be dismissed for failure to state a claim. 28 U.S.C. § 1915A(b)(1).

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

2. Plaintiffs motions to appoint counsel are **DENIED**. (Doc. Nos. 3, 7).

3. Plaintiff's motion to file an amended complaint to increase the amount of alleged damages is **GRANTED**. (Doc. No. 6).

4. Plaintiff's motion to strike his motion for discrimination, retaliation, and reprisal is **GRANTED**. (Doc. No. 14).

5. Plaintiff's motion for discrimination, retaliation, and reprisal is **DISMISSED** as moot. (Doc. No. 11).

6. Plaintiff's motion to incorporate Appendix P and for Amendment of New Information is **GRANTED**. (Doc. No. 12)

The Clerk of Court is directed to close this civil case, subject to the case being reopened by plaintiff if plaintiff were to file an appropriately amended complaint.

**IT IS SO ORDERED.**

Signed: March 6, 2015

Frank D. Whitney
Chief United States District Judge